UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                   :
  UNITED STATES OF AMERICA                                         :
                                                                   :
            - v. -                                                 :
                                                                   :    14 Cr. 796 (VEC)
  RAVINDER HOODA,                                                  :
     a/k/a "Tinu,"                                                 :
                                                                   :
                     Defendant.                                    :
                                                                   :
------------------------------------------------------------------- X

## GOVERNMENT'S SENTENCING MEMORANDUM

                                          PREET BHARARA
                                          United States Attorney for the
                                          Southern District of New York
                                          One St. Andrew's Plaza
                                          New York, New York 10007

Jonathan Cohen
Assistant United States Attorney
- Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 9, 2015

**VIA ELECTRONIC CASE FILING**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Street
New York, New York 10007

    Re: **United States v. Ravinder Hooda**,
          14 Cr. 796 (VEC)

Dear Judge Caproni:

    The Government respectfully submits this memorandum in advance of the sentencing of Ravinder Hooda (the "defendant," or "Hooda"), scheduled for 4:00 p.m. on Thursday, July 16, 2015. On or about March 12, 2015, the defendant entered a plea of guilty to Counts Two and Three of the above-referenced information (the "Information"). The Probation Office has determined that the applicable United States Sentencing Guidelines (the "Guidelines") range for the defendant is 24 to 30 months' incarceration, including the mandatory consecutive sentence of 24 months' incarceration on Count Three of the Information (the "Guidelines Range"). Probation recommends a sentence of time served on Count Two and 24 months' incarceration on Count Three, with the two sentences to run consecutively. For the reasons set forth below, the Government submits that the Court should impose a sentence within the applicable Guidelines range of 24 to 30 months' imprisonment.

## BACKGROUND

    From in or about August 2013 through June 2014, Hooda conspired with co-defendant Upinder Singh and other co-conspirators to obtain the credit card and debit card information of other individuals and place fraudulent charges on the accounts of those victims. Specifically, Singh and Hooda would (i) on some occasions, obtain credit cards and/or debit cards bearing stolen account information and identification information; and (ii) on other occasions, obtain the names of victims and the credit card number or debit card number corresponding to each victim name, and then, through Singh, have plastic cards embossed with this information. Over the course of this conspiracy, Singh had a source who would provide him with stolen names and the associated credit card or debit card numbers. Hooda also had a source, distinct from Singh's,

Hon. Valerie E. Caproni
July 9, 2015
Page 2


who would provide Hooda with "Green Dot" debit card numbers to be used for fraudulent charges.

After obtaining credit card or debit card information of a victim or victims, Singh and Hooda would go together—or Hooda would go alone—to a store where a collusive merchant would place fraudulent charges on the credit cards and/or debit cards that Hooda or Singh and Hooda had brought to the store.  When the fraudulent charges were successful for a given card, Singh and Hooda would receive a percentage of the total transaction value.  When Singh obtained the credit or debit card information, the percentage Singh and Hooda collectively received was typically 80 to 85 percent.  Pursuant to his plea agreement, Hooda has agreed to forfeit a total of $18,068, representing amounts Hooda received pursuant to this fraudulent scheme.[1]

## DISCUSSION

*The Nature, Circumstances, and Seriousness of the Offense*

Access device fraud—which encompasses both credit card fraud and debit card fraud—is a serious crime that causes losses both to financial institutions and to customers of those institutions.  While such victims are often ultimately reimbursed by their bank or credit card issuer, they still face collateral consequences, in that they often have to undergo the process of convincing their bank or credit card issuer that they did not in fact make the charges at issue.  Identity theft is also a serious crime and often results in serious collateral consequences for victims.  Victims of identity theft often deal with these consequences over the course of many years, as they seek to set the record straight that acts taken in their name were actually committed by criminals.  These consequences can at times include victims getting rejected for car loans, and mortgages, or facing scrutiny from those employers that run credit checks on job applicants.

In this case, the defendant trafficked in stolen identity information and stolen credit card and debit card numbers.  He used the stolen names and numbers of innocent victims to line his pockets.  The conduct at issue here did not consist of a single bad judgment by the defendant, but instead took place over the course of many months, on many different occasions.  On each occasion, the defendant decided to continue carrying out this criminal scheme for profit.  Accordingly, a sentence within the Guidelines range of 24 to 30 months' imprisonment would reflect the "nature and circumstances" of the crime and the "seriousness of the offense."  18 U.S.C. §§ 3553(a)(1), (a)(2)(A).

---

[1] Counsel has indicated to the Government that Hooda's profit on this fraudulent scheme was less than $18,068, presumably based on the idea that Hooda paid for the stolen identity information and credit/debit card information out of these funds.  We do not possess information that contradicts this position, and have based this figure on the gross proceeds to Hooda of this criminal scheme.

Hon. Valerie E. Caproni
July 9, 2015
Page 3

*Respect for the Law, Adequate Deterrence, and Protection of the Public*

Because these crimes are serious, a significant sentence is warranted to ensure respect for the law, adequate deterrence, and adequate protection of the public. As to the first two of these factors, a sentence within the Guidelines Range of 24 to 30 months' incarceration would be sufficient, but not greater than necessary, to ensure that the defendant is deterred from committing further crimes and, more broadly, to signal to the public at large that those who commit aggravated identity theft and access device fraud will be punished severely. Such deterrence, in turn, would serve to protect the public from identity theft and theft due to fraudulent purchases made on debit and credit cards. To serve these ends, the Government submits that a sentence within the Guidelines range of 24 to 30 months' imprisonment would ensure adequate respect for the law, deterrence and protection of the public. 18 U.S.C. § 3553(a)(2)(A), (B), and (C).

## **CONCLUSION**

For the reasons set forth herein, the Government submits that a sentence within the Guidelines range of 24 to 30 months' imprisonment is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                        Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

                                        By: ___/s/_____
                                        Jonathan Cohen
                                        Assistant United States Attorney
                                        Southern District of New York
                                        (212) 637-2408

cc: Albert Dayan, Esq.