**ALBERT Y. DAYAN**  80-02 Kew Gardens Rd., # 902, Kew Gardens, N.Y. 11415
Attorney at Law           Tel: (718) 268-9400:    Fax: (718) 268-9404

July 10, 2015

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   **United States v. Ravinder Hooda,**
      **14-cr-00796-VEC**

Dear Judge Caproni:

The defense counsel respectfully submits this letter to Your Honor in advance of the sentencing of Ravinder Hooda, that is scheduled for Thursday, July 23, 2015 at 10:00 a.m.

Pursuant and 18 U.S.C. § 3553(a), RAVINDER HOODA respectfully submits to this Honorable Court for consideration, relevant information for determination of sentence that is no greater than necessary to achieve the goals of sentencing under § 3553(a)(2). In support, the Defendant states as follows:

Mr. Hooda pleaded guilty before this Honorable Court on March 12, 2015 to Count 2 – Conspiracy to Commit Access Device Fraud and Count 3 - Aggravated Identity Theft, pursuant to plea agreement dated February 17, 2015. The plea agreement stipulates the following: The base offense level is 6 pursuant to U.S.S.G Sec. 2B1.1 (a)(1). The offense level is increased by four levels because the loss exceeded $10.000.00. Based on his timely plea allocution, Mr.

1

Hooda demonstrated acceptance of responsibility and, accordingly, the offense level is decreased by two levels. The Plea Agreement contemplates a likely adjusted offense level 8. The defendant's stipulated guidelines range associated with Count 2 is zero to six months' imprisonment and the defendant's stipulated guidelines range on Count 3 is a mandatory consecutive 24 months' imprisonment (the "Stipulated Guidelines Range").

I respectfully submit that in keeping with the sentencing mandate under 18 U.S.C. Sec. 3553(a), mitigating factors exist in this case demonstrating that a sentence at the bottom end of the stipulated Guideline calculation is warranted on both Counts of Mr. Hooda's plea. The undersigned as counsel for Mr. Hooda submits that, in light of the decisions issued in cases such as United States v. Booker, 125 S.Ct. 738 (2005) and Kimbrough v. United States, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007), this Court is free to issue a sentence in compliance with 18 U.S.C. § 3553 that is fair based upon the specific facts of this case and defendant's otherwise long life history of hard work. For the reasons here and after set forth, we are respectfully asking Your Honor to err on the side of mercy and leniency in this particular case because of the disproportionate statutory minimum mandate and sentencing guideline recommendation when measured with the collateral consequences of mandatory deportation of Mr. Hooda upon serving a custodial sentence in this case.

As is transparent in the letters attached hereto, his life evolves in hard work and service of his immediate family and, when he is able, in the service of others. Ravinder Hooda was born on May 2, 1971, in Rothak, India. He is the youngest of seven children born to the marital union of Bhim Hooda and Channo Devi. The defendant's father passed away in 2009 at the age of 74, from a heart attack. Hooda's mother, approximately age 80, has always been a homemaker and

she resides in Rothak, India. She suffers from high blood pressure and diabetes. Mr. Hooda continues to support his family in India both emotionally and financially. Hooda has four sisters and two brothers, all of whom resides in India with their families. Hooda was raised in a middle-class family in Rohtak. He lived with his parents, siblings, and paternal relatives. Hooda elaborated that his family is devoutly Hindu and they would attend the temple together.

In July 1996, Hooda travelled with the Indian basketball team to Boston, MA, for a competition. However, he overstayed his visitor's visa and remained in the United States and then relocated to North Carolina and stayed with a friend. After about five months, he moved to Queens County, NY with other friends. Mr. Hooda has had two marriages prior to 2009. Mr. Hooda is legally residing in the U.S. as a permanent resident. He maintains a great relationship with his wife and children in India and he financially provides for them.

For approximately the last five years, Hooda resided at the case address, located at 133-18 107th Avenue, South Richmond Hill, New York and shares the apartment with his roommate and friend, Jatinder Sidhu and his wife Roslyn. Mr. Sidhu explained that he has known the defendant for over 10 years and they have lived together, sharing expenses for over five years. He described the defendant as a hardworking, helpful person, who loves his family and this is such an unfortunate situation for Hooda.

So how does one reconcile Hooda, the hard working man described in the letters sent to the Court, with the one who stands before this Court for sentencing on criminal charges? He made a terrible mistake in judgment. Mr. Hooda, otherwise a very hard working man, was approached by a government informant with encouraging statements to be involved in criminal activity. When he made the wrong choice, Mr. Hooda never imagined that for his abhorrent and

potential insignificant financial gain he was putting his entire family and himself at risk. He is now facing mandatory twenty-four months of incarceration, mandatory removal from the United States and his family in India lost the financial support he provided for them while living and earning here in the United States. He lost everything. Mr. Hooda now understands the seriousness of the fraud he was involved in. Unfortunately for him, not in time and at a great cost to him and his family. The fateful lesson in this case for Mr. Hooda of arrest, prosecution, conviction and deportation has caused an otherwise a good hard working family-man much grief and pain.

    As I mentioned above, he is otherwise an honest and a good man. All his life he had worked real jobs. But for the instant matter, he has no history of attempting to earn a livelihood with anything but honest and hard work with his own hands. He is beyond remorseful. He is completely heart broken. He keeps asking himself in my presence, "how could I". Unfortunately, one cannot turn the clock back. He has made an attempt, as much as possible at this juncture, to show his remorse and acceptance of responsibility to our society by waiving many of his substantive rights, admitting his conduct and pleading guilty to his involvement in the offense. These actions have assisted the government and the judiciary in facilitating the administration of justice.

    As this Court is aware, in United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional. Therefore, the appropriate remedial measure was to declare the Guidelines merely advisory. See Booker, 125 S. Ct. at 757 (2005) (Breyer, J.). After Booker, federal sentencing is vastly different. Treating the Guidelines as advisory requires that the Court

consider the guideline range calculation as merely one of many factors in determining a sentence no greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a)(2). In Nelson v. United States, 129 S.Ct. 890 (2009/10), the Supreme Court reemphasized that the guidelines are both advisory and not to be presumed reasonable.

Mr. Hooda completely accepts responsibility for his conduct in this case. He has matured in the ways of our country and now appreciates the ways our country is challenged to regulate the free and honest flow of commerce. Even when the Guidelines were mandatory, post-offense rehabilitation was a permissible ground for a downward departure. United States v. Garcia, 926 F.2d 125 (2nd Cir. 1991); United States v. Rudolph, 190 F.3d 720, 722-23 (6th Cir 1999); United States v. Fagan, 162 F.3d 1280, 1284-85 (10th Cir. 1998);. After the Guidelines were made advisory, this conduct becomes even more important at sentencing.

Remorse is also a factor the Court may consider. United States v. Fagan, 162 F.3d 1280, 1284-85 (10th Cir. 1998). Under the old departure analysis, "[b]ecause remorse is not a prohibited factor, but a factor already considered in the Sentencing Guidelines, a sentencing court may depart downward if it finds that remorse is present to an exceptional degree."

For the reasons set forth herein, we submit that the statutory minimum range on Count Three to be imposed consecutive to zero to six months on Count Two in this case is greater than necessary, to achieve the goals of sentencing under 18 U.S.C. § 3553(a). Accordingly, the Defendant respectfully requests that this Court take into consideration the above factors and sentence Mr. Hooda the statutory minimum of minimum under Count Three, Section 1028A, and zero months on Count Two, Section 1029(a)(2) with other conditions that seem Just and Proper to this Honorable Court and are sufficient to achieve the goals of sentencing under § 3553(a)(2).

Respectfully submitted,

*Albert Y. Dayan*

Albert Dayan, Esq.
Attorney for the Defendant
80-02 Kew Gardens Road, Suite 902
Kew Gardens, New York 11415
(718) 268-9400 (voice)
(718) 268-9404 (facsimile)
dayanlaw@aol.com

cc.  Jonathan Cohen
     Assistant United States Attorney