UNITED STATES DISTIRCT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-

RAVINDER HOODA,

                     Defendant-Appellant.
------------------------------------------------------------x

**DECLARATION OF ANTHONY J. COLLELUORI IN SUPPORT OF MOTION TO FILE LATE NOTICE OF APPEAL**

Docket No.: 14 CR 00796-002 (VEC)

ANTHONY J. COLLELUORI, ESQ., pursuant to 28 U.S.C. § 1746, declares:

1. I am a partner at the law firm Raiser & Kenniff, P.C., attorneys for Defendant-Appellant Ravinder Hooda ("Defendant- Appellant" or "Mr. Hooda") in this action, and, as such, I am familiar with the facts of this case based on conversations with the client and review of the file.

2. Pursuant to the Federal Rules of Appellant Procedure Rule 4(b)(4), Defendant-Appellant appeals from a judgment of conviction in a criminal case whereby Appellant was convicted and sentenced before the Hon. Valerie E. Caproni in the United States District Court for the Southern District of New York of Conspiracy to Commit Access Device Fraud (Count 2) (18 U.S.C. § 1029(a)(2), 1029(a)(5), and 1029(b)(2)) and Aggravated Identity Theft (Count 3)(18 U.S.C. § 1028A) on July 23, 2015. He was sentenced to time served on Count 2 and two years of imprisonment on Count 3 of the indictment and1 year of supervised release for each count, to run concurrently.

3. Following sentencing, Mr. Hooda's former attorney Albert Y. Dayan, Esq., incorrectly advised him that by accepting the plea agreement and pleading guilty to the aforementioned charges he would be waiving his right to appeal. In fact, the Court indicated at sentencing that Mr. Hooda would be able to appeal his sentence.

4. In addition to the aforementioned error, Mr. Dayan never disclosed his own potential ineffective assistance of counsel claim which would entitle Mr. Hooda to file an appeal. Mr. Dayan's ineffectiveness consisted of the following: (a) failure to advise and explain the federal sentencing guidelines to Mr. Hooda; (b) failure to prepare and submit a sentencing memorandum on behalf of Mr. Hooda; (c) sending Mr. Hooda alone and with no information on what to expect to have his presentence investigation report done; (d) failure to investigate the facts of the case and speak to potential witnesses; and (e) failure to seek to conference the case with a Deputy Chief/Bureau Chief above the Assistant United States Attorney assigned to the case.

5. On the day of sentencing, Hon. Caproni stated that there seemed to be an indication of disparate treatment against Mr. Hooda indicating that she was "a little puzzled by what was actually the scope of your actual criminal conduct." The judge further stated that one of the co-defendants she sentenced in the case, who was the insider at the bank that was defrauded, did not plead guilty to aggravated identity theft. The judge did not understand how Mr. Hooda was being labeled "as the worst of this group of offenders" and the AUSA did not and could not provide a response.

6. According to the statute the charges Mr. Hooda faced carried a statutory minimum of two years. In the event the Government was unwilling to negotiate a better plea, Mr. Dayan should have considered taking the case to trial. By taking the case to trial Mr. Hooda's chances of obtaining a higher sentence than the statutory mandated two years were slim if not non-existent because going to trial without Mr. Hooda perjuring himself would have given him a criminal offense level of 10-13 and that would not generally cause a court to require jail. Mr. Dayan did not even make an attempt to obtain a better plea based on the fact that Mr. Hooda was not the "worst of this group of offenders" and that even one of the "worse" co-defendants did not plead to aggravated identity theft.

7. Defendant-Appellant was not satisfied or complaisant with the services rendered by Mr. Dayan, and believed Mr. Dayan somehow failed to adequately represent him. Mr. Dayan did not communicate with Mr. Hooda, who primarily speaks Hindi, after the proceedings, and as a result failed to inform Mr. Hooda of his *in forma pauperis* rights. It took Mr. Hooda four weeks to save enough money to even consult with a different attorney. Mr. Hooda then contacted our office and we were able to review the case. Upon review of the papers I have highlighted Mr. Dayan's ineffectiveness and believe a motion for leave to file a late notice of appeal should be made in order to preserve the issues.

8. According to Rule 4(b)(4) a Defendant-Appellant may file a motion for leave to file a notice of appeal "upon a finding of excusable neglect or good cause." The Supreme Court has directed that in determining what constitutes excusable neglect, a court must "take account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Based upon the aforementioned ineffectiveness of Mr. Hooda's former attorney, I respectfully request that this Court allow him leave to file a late notice of appeal (Attached is the Proposed Notice of Appeal as Exhibit A).

WHEREFORE, I respectfully request that this Court grant the relief sought in Notice of Motion attached hereto allowing Defendant-Appellant leave to file a late Notice of Appeal and such other relief that the Court should deem appropriate.

Dated: Mineola, New York
      October 15, 2015

RAISER & KENNIFF, P.C.

By: Anthony J. Colleluori, Esq.
300 Old Country Road, Suite 300
Mineola, N.Y. 11501
516-742-7600(t)
acolleluori@raiserkenniff.com
*Attorneys For Defendant- Appellant*