```
UNITED STATES DISTRICT COURT                              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                             DOCUMENT
                                                          ELECTRONICALLY FILED
------------------------------------------------------ X  DOC #:_____
  UNITED STATES OF AMERICA,                     :         DATE FILED: 11/9/2015
                                                :
                 -against-                      :         14-CR-796-2 (VEC)
                                                :
  RAVINDER HOODA, a/k/a "Tinu",                 :         ORDER
                                                :
                                 Defendant.     :
                                                X
------------------------------------------------------
```

VALERIE CAPRONI, United States District Judge:

On March 12, 2015, Ravinder Hooda pled guilty to conspiracy to commit access device fraud (18 U.S.C. 1029(b)(2)) and aggravated identity theft (18 U.S.C. 1028A). On July 23, 2015, he was sentenced principally to time served on the access device fraud charge and two years on the aggravated identity theft charge. At the time of sentence, the Defendant was informed that he could appeal if he had not waived his right to appeal by his plea agreement, and that any notice of appeal must be filed within 14 days of the judgment of conviction. The Court entered judgment against the Defendant on July 23, 2015. On October 20, 2015, the Defendant moved for leave to file a late notice of appeal pursuant to the Federal Rules of Appellate Procedure, Rule 4(b)(4). Defendant wishes to appeal both his conviction and sentence.

Rule 4(b)(1)(A)(i) provides, in relevant part: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . (i) the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). Rule 4(b)(4) states:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4). Thus, Rule 4(b) establishes an outer limit for filing a notice of appeal in a criminal case of forty-four days from the date of judgment (14 days from the entry of judgment

plus the additional 30 days upon a finding of excusable neglect or good cause). "When the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible." *United States v. Frias*, 521 F.3d 229, 234 (2d Cir.), *cert. denied*, 555 U.S. 922 (2008).

Defendant filed this motion asserting that the ineffective assistance of his former legal counsel constitutes "excusable neglect or good cause" under Rule 4(b)(4) and warrants an extension of the Defendant's time to file a notice of appeal. The Government responded on October 27, 2015, arguing that "the defense filed its motion for leave to file a late notice of appeal on October 20, 2015, well after the time for this Court to consider such a motion had expired." Gov't Letter Mot. at 2 (Dkt. 94). The Government contends that the latest Defendant could seek an extension from this Court was September 7, 2015.

The Defendant's motion is indeed untimely. Judgment was entered on July 23, 2015. Under Rule 4(b)(1), Defendant's notice of appeal was therefore due on or before August 6, 2015. Even presuming Defendant could demonstrate "excusable neglect or good cause" under Rule 4(b)(4), an extension under that Rule could extend no later than September 8, 2015.[1] Because Defendant's motion was filed on October 20, 2015, it was untimely. Accordingly, Defendant's Motion for Leave to File a Late Notice of Appeal is DENIED. The Clerk of Court is respectfully directed to close docket entries 88 and 96.

**SO ORDERED.**

**Dated: November 9, 2015
    New York, NY**

_____
**VALERIE CAPRONI
United States District Judge**

---

[1] The Court notes that September 7, 2015, was a federal holiday, Labor Day, and, accordingly, the 30 day period under Rule 4(b)(4) continues to run through the end of the following day. Fed. R. App. P. Rule 26(a)(1)(C).